THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. IRVING KATZ, Appellant.

Court of Special Sessions, City of New York, Appellate Part, First Department, June 26, 1935.

*Samuel Rosenzweig*, for the appellant.

*William C. Dodge, District Attorney* [*LeRoy Mandle* of counsel], for the respondent.

SALOMON, J. The defendant is charged with a violation of chapter 14, section 40, subdivision 4, of the Code of Ordinances of

the City of New York, in that he did " unlawfully engage in the business of second hand dealer at 424 East 10th Street, Borough of Manhattan, City and County of New York, without a license." The defendant was found guilty. From this judgment the defendant appeals.

Section 40, chapter 14, article 4, provides: " Any person, co-partnership, or corporation dealing in the purchase or sale of second-hand articles of whatever nature, or dealing in the * * * manufactured article composed wholly or in part of gold, silver, platinum or other metals, or in the purchase or sale of old gold, silver or platinum * * * is hereby defined to be a dealer in second hand articles."

The undisputed testimony is that the defendant is engaged in the business of manufacturing bed springs. It also appears that in these springs two second-hand pipes or bars were used upon which the springs are supported.

It is not contended nor is there any testimony that the springs in which the used pipes were attached were previously used.

This section does not provide that manufacturers of these articles should obtain a license. It clearly provides that manufacturers of articles composed wholly or in part of gold, silver, platinum, etc., must obtain a license and specifically includes them as dealers in second-hand articles.

As to articles other than those that are composed wholly or in part of gold, silver, platinum, etc., it is my opinion that the ordinance in question does not provide that a person who uses second-hand materials in manufacturing an article for the purpose of sale should obtain a license, but requires that dealers in second-hand articles must.

Numerous manufactured and constructed articles are composed in part of used or second-hand material. It, however, could not be contended seriously that those articles are second-hand articles and that persons who sell them are dealers in second-hand articles coming under the section.

The evidence adduced does not establish that the defendant is a dealer in second-hand articles; therefore, this judgment of conviction must be reversed.

Judgment reversed and complaint dismissed.

All concur; present, KERNOCHAN, P. J., SALOMON and DALE, JJ.